

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 31, 1958

The State Board of Insurance
International Life Building
Austin, Texas

Opinion No. WW-356

Re: Does Article 3.50, Texas
Insurance Code, authorize
the issuance of a group life
insurance policy to trustees
of a fund established by a
labor union to insure the
members of such union?

Gentlemen:

Your request for an opinion of this department on the questions as are herein stated has been received, and we quote from your letter as follows:

"The trustees of a welfare fund are considering the purchase of a group life policy to cover union members. The welfare fund is administered pursuant to a declaration of trust executed between two unions as one of the parties, a contractors' association as a second party, and a group of trustees as a third party. The trust agreement recites that the 'employers' (without otherwise defining them) and the union have entered into a bargaining agreement requiring periodical payments by the employers to the fund for the purpose of providing and maintaining certain welfare benefits for duly qualified and eligible employees and designated dependents employed by the employers, and such other employees who may desire to participate."

Your opinion request concerns Article 3.50 of the Texas Insurance Code, the relevant portions of which are quoted as follows:

"Section 1(1). No policy of group life insurance shall be delivered in this State unless it conforms to one of the following descriptions: . . ."

Section 4 of this Article provides in part as follows:

"Except as may be provided in this Article, it shall be unlawful to make a contract of life insurance covering a group in this State. . ."

Therefore, unless the policy conforms to one of the statutory descriptions set out in Article 3.50, it cannot be legally issued.

Subsection (2) of Section 1 provides as follows:

"A policy issued to a labor union, which shall be deemed the employer and policyholder, to insure the members of such union who are actively engaged in the same occupation and who shall be deemed to be the employees of such union within the meaning of this Article."

In the case of Board of Insurance Commissioners v. Great Southern Life Insurance Company, 239 S. W. 2d 803, the Texas Bankers Association was attempting to purchase a group life insurance policy from Southern Life Insurance Company to insure the members of the association pursuant to a trust agreement. The Court stated that, 'The real point of departure from the requirements of the statute is that whereas the statute prohibits the writing of group insurance for employers with fewer than twenty-five employees, an effort is here made through a trade association to write group insurance for a number of employers with fewer than twenty-five employees" and then went on to strike down the plan as being violative of the statute. The facts that you have outlined in your letter are analogous to those in the Great Southern Life Insurance Company in that, the plan under consideration would make it possible for an employer with fewer than ten employees to procure group life insurance on such employees in direct violation of Article 3.50.

To permit a number of employers to establish a welfare fund with the union and to then permit the trustees of this welfare fund to purchase group life insurance on the lives of the employees of the employers who were parties to the welfare fund, or to allow a number of labor unions to establish a welfare fund with a trustee to purchase group life insurance on the lives of the employees of the several unions, would be an attempt to circumvent the statute and to make it possible for one of the employers or labor unions having less than ten employees or members, to be provided with group life insurance. Any interpretation that would permit such an arrangement would clearly nullify the legislative requirement of Article 3.50 that the policy of group life insurance must cover at least ten (10) employees at the date of issue.

Subsection (2) of Section 1 is explicit in its requirements that the policy may insure "the members of such union who are actively engaged in the same occupation. . ." We hold that this restriction, when read in light of the holding in the Great Southern Life Insurance Company case, supra, prohibits the issuance of a group policy where the membership of such group is derived from more than one employer or labor union, except where expressly permitted in the case of affiliated businesses set forth in Subsection (a) of Subsection (1) of Section 1 of Article 3.50.

The use of the singular "employer" in the phrase ". . . established by an employer. . ." is significant. It evidences the intention of the Legislature that a single employer may, under the stated conditions, have a policy of group life insurance issued to it, or the same employer may establish a fund and have a policy of group life insurance issued under

The State Board of Insurance, page 3 (WW-356)

stated conditions to the trustees of that fund. The only persons eligible for insurance in either event are the employees of the employer, that is, a singular employer.

### SUMMARY

Article 3.50 of the Texas Insurance Code does not authorize the issuance of a group life insurance policy to trustees of a fund established pursuant to a trust agreement between the members of two labor unions as one party, a contractors' association as the second party, and a group of trustees as a third party.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  Richard A. Wells
Assistant

RAW:dac

APPROVED:

OPINION COMMITTEE
George P. Blackburn, Chairman

Ralph Rash
Jack Goodman
J. Mark McLaughlin

REVIEWED FOR THE ATTORNEY GENERAL

By: W. D. Geppert